UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT E. MISSI, *et al.*                                                              PLAINTIFFS

v.                                                                           CIVIL ACTION NO. 3:12-CV-265

STATE FARM FIRE AND
CASUALTY COMPANY, *et al.*                                                DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on two related motions. First, Defendant State Farm Fire and Casualty Company ("State Farm") has moved to dismiss the claims against it (DN 8). Second, Plaintiffs Robert E. Missi and Kristie L. Missi have moved to file a surreply (DN 12). As an initial matter, the court will grant the plaintiffs' motion to file a sur-reply. However, even after considering the arguments therein, State Farm's motion to dismiss will be granted for the reasons stated below.

The plaintiffs brought this action against State Farm and Defendant National Flood Insurance Program ("NFIP"). In their complaint, the plaintiffs alleged that they had a flood insurance policy issued by the defendants, for which they paid their premiums to State Farm. They further alleged that the insured property flooded on March 11, 2011 and again on April 21, 2011, both dates on which the flood insurance policy was in full force and effect. Supposedly, the plaintiffs submitted claims to the defendants, but the claims were rejected. The plaintiffs brought claims for breach of

contract, violation of the Kentucky Unfair Settlement Claims Practices Act, and common law bad faith. State Farm moved to dismiss all three claims against it for failure to state a claim.[1]

Upon a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (internal question marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff must provide more than "labels and conclusions," *Twombly*, 550 U.S. at 555, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).In ruling on a motion to dismiss, a district court may properly consider documents presented by a defendant with a motion to dismiss if the documents are referred to in the complaint and are central to the claims. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

We begin with the breach of contract claim. State Farm argues that the breach of contract claim must be dismissed because the insurance policy was issued by the NFIP, not by State Farm. With its motion papers, State Farm submitted to the court the declaration page of the policy in effect

---

[1] State Farm filed its motion to dismiss on July 11, 2012. The plaintiffs filed their response on August 6, 2012. State Farm argues that the response was untimely under this court's Local Rules, and that the motion should therefore be granted as unopposed. The court need not consider this argument because, as explained in the main text, it finds that State Farm's motion to dismiss should be granted on its merits.

at the time of the floods, which the court may consider since the policy is referred to in the complaint and is clearly central to the plaintiffs' claims. "National Flood Insurance Program" and "FEMA" are named atop the declarations page. The declarations page also lists Robin Brown Insurance Agency as the insurance agent. State Farm's name does not appear anywhere on the document.

Under Kentucky law, privity of contract is required for actions based on breach of contract. *See Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004) (noting that "'[p]rivity of contract' is '[t]he relationship between parties to a contract, allowing them to sue each other but preventing a third party from doing so'" (quoting Black's Law Dictionary 1217 (7th ed. 1999))); *Wolfe v. State Farm Fire & Cas. Co.*, 2010 WL 4930680, at *3 (W.D.Ky. Nov. 30, 2010) (dismissing plaintiff's breach of insurance contract claim against defendant with whom plaintiff had no privity of contract). Here, the declarations page of the insurance policy – the only part of the insurance policy that either party has provided to the court – makes clear that State Farm did not issue the policy. Thus, the plaintiffs' breach of contract claim must be dismissed.

The plaintiffs contend that they believed they purchased their policy from State Farm and that they paid their premiums to State Farm. Those arguments miss the point. The plaintiffs' belief as to who issued the policy is irrelevant. Because State Farm did not issue the policy, there is simply no basis for finding that State Farm somehow violated the policy or that State Farm could be liable for an alleged violation. Moreover, that the plaintiffs paid their premiums to State Farm is insufficient to render State Farm liable under the policy. In light of the fact that the declarations page makes clear that the NFIP, and not State Farm, issued the policy, the fact that State Farm collected the plaintiffs' premiums is not enough to plausibly suggest that State Farm was a party to the

insurance contract. Rather, State Farm's collection of premiums suggests only that State Farm serviced the policy on behalf of the NFIP.

The plaintiffs also suggest that State Farm may have issued the policy and then transferred the policy to NFIP without the consent of the plaintiffs. But that argument is premised on an affidavit made by Robert Missi that the plaintiffs submitted with their response papers. In the affidavit, Robert Missi avers that in 2005, he was advised by State Farm "that an agency of the Federal Government was involved in [his] insurance," but he "did not consent at any time to State Farm transferring responsibility of the insurance to an agency of the Federal Government or any third party." The court cannot rely on such affidavits, as they are not a part of the pleadings. If the court were to consider that affidavit, it would be required to consider the motion as one for summary judgment. FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." ). The court will decline to do so here.

However, the question arises as to whether the breach of contract claim should be dismissed with or without prejudice. If the plaintiffs could amend their complaint to state a viable claim for breach of contract against State Farm, then, at this early stage of the litigation, dismissal without prejudice would be warranted. On the other hand, if any amendment would be futile, then dismissal with prejudice would be appropriate. Here, any amendment of the complaint to incorporate the plaintiffs' theory that State Farm improperly assigned the insurance policy to the NFIP in 2005 would be futile. The declarations page of the policy in effect at the time of the floods shows that the policy period was from December 13, 2010 to December 13, 2011. Thus, even accepting the plaintiffs' speculation that State Farm assigned the policy to the NFIP in 2005 without the consent

of the plaintiffs – and even extrapolating that an assignment without consent was forbidden by the terms of the policy – those facts would do nothing to suggest that State Farm should be liable under a policy that was issued five years later by a party other than State Farm. Accordingly, the breach of contract claim against State Farm will be dismissed with prejudice.

Next, the court turns to the plaintiffs' claims for violation of the Unfair Claims Settlement Practices Act and for common-law bad faith. The Sixth Circuit has found that state law claims based on a defendant's handling and denial of coverage under a flood insurance policy are preempted by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129. *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 949 (6th Cir. 2002). Thus, the plaintiffs' state law tort claims, which both concern the handling of their flood insurance claims, are preempted and will be dismissed with prejudice.

In conclusion, the court will grant State Farm's motion to dismiss and the plaintiffs' claims against State Farm will be dismissed with prejudice. A separate order will issue in accordance with this opinion.

November 19, 2012

Charles R. Simpson III, Judge
United States District Court