UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT E. MISSI and KRISTIE L. MISSI                                            PLAINTIFFS

v.                                                                   CIVIL ACTION NO. 3:12-CV-265

STATE FARM FIRE AND CASUALTY
COMPANY, *et al.*                                                               DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs Robert E. Missi and Kristie L. Missi owned property that was insured by a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program ("NFIP"), which is operated by the Federal Emergency Management Agency ("FEMA"). The Missis' property was damaged by floods on March 11, 2011 and again on April 21, 2011. The Missis initially brought this action against Defendants State Farm Fire and Casualty Company ("State Farm") and NFIP Direct Servicing Agent, with claims for breach of the insurance policy, violation of the Kentucky Unfair Claims Settlement Practices Act, and common-law bad faith. The court previously granted State Farm's motion to dismiss and dismissed all claims against State Farm with prejudice. Now, the United States, on behalf of the Deparment of Homeland Security and FEMA, has moved for summary judgment (DN 22) and the Missis have moved to amend their complaint (DN 51).[1]

---

[1] In a footnote of the United States' summary judgment motion, the United States contends that the NFIP Direct Servicing Agent is not the proper defendant in this action. Instead, the United States believes that the Secretary of the Department of Homeland Security, Janet Napolitano, is the proper defendant. However, insofar as the action is in effect one against the United States, no matter which federal actor is named as defendant, and the United States requests that the court resolve the
(continued...)

The NFIP was established in 1968 by the passage of the National Flood Insurance Act, 42 U.S.C. §§ 4001 *et seq.* From the inception of the NFIP through 1977, the NFIP operated through the private insurance industry with limited federal government involvement. *See Berger v. Pierce*, 933 F.2d 393, 395 (6th Cir. 1991). Beginning around 1978, however, the federal government took over primary responsibility for the operation of the NFIP, and FEMA was the agency charged with managerial responsibility for the program. *Id.* FEMA has fixed by regulation the terms and conditions of flood insurance policies in the form of the SFIP. *See* 44 C.F.R. § 61.1 *et seq.*

The Missis' policy is a Dwelling Form policy, which is published in the Code of Federal Regulations at 44 C.F.R. Pt. 61, App. A(1). Under the policy, an insured must take certain steps in the case of a flood loss. 44 C.F.R. Pt. 61, App. A(1), art. VII(J). Of particular relevance here, the insured must file a proof of loss within 60 days of the loss. *Id.* art. VII(J)(4). The policy also states, "The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it." *Id.* art. VII(J)(7).

As noted above, the Missis' property flooded on March 11, 2011. Five days later, the Missis contacted FEMA and submitted a Notice of Loss. On April 25, 2011, FEMA sent a letter to the Missis stating that they were required to submit a proof of loss within 60 days of the date of loss. The letter specifically noted that the proof of loss was due May 10, 2011. On May 9, 2011, after discussion with Don Kerber of Fountain Group Adjusters, an independent adjusting firm with whom

---

[1](...continued)
merits of the claims, the court will address the merits without first addressing the question of which federal actor is the proper named defendant.

FEMA contracted to adjust the Missis' loss, the Missis submitted a signed proof of loss for $24,830.19 for damages to their building and contents. The Missis also signed an additional proof of loss requesting $2,738.63 in building replacement costs. On May 24, 2011, the Missis were paid in full on the proofs of loss they submitted.

Meanwhile, on April 21, 2011, the Missis' property flooded again. The Missis notified FEMA on April 28, 2011 about the April 21 loss. FEMA again contracted with Fountain Group Adjusters, who again assigned Don Kerber to adjust the loss. FEMA also sent a letter to the Missis that stated, among other things, that Fountain Group was to adjust the loss, that the flood insurance policy required the Missis to submit a proof of loss within 60 days of the date of loss, and that the adjuster could assist the Missis with any questions about that requirement. According to Robert Missi, he met with Kerber before the 60-day proof of loss deadline passed, but Kerber said nothing about the 60-day deadline. Instead, Kerber indicated that he was in need of a report from an engineer before he could evaluate the damages. Robert Missi explains that based on his dealings with Kerber and prior experiences with flood losses in 2005 and 2008, he believed the 60-day deadline would not be strictly enforced.

On June 20, 2011, FEMA sent a letter to the Missis about their failure to submit a proof of loss. The letter stated that if the Missis wished to pursue their claim, they needed to send a signed and completed proof of loss, after which the Federal Insurance Administrator would be asked to waive the 60-day proof of loss requirement. The letter noted that the Administrator reviewed such waiver requests on a case by case basis and that a favorable result was not certain.

Around that same time, the engineer that examined the Missis' property provided his report to Don Kerber, who then provided the report to the Missis. On June 29, 2011, Kerber sent the Missis

proofs of loss based on Kerber's estimates of the damage to the Missis' property and requested that the Missis sign and return the proofs of loss. Those proofs of loss were for damages totaling $26,389.87. The Missis told Kerber that amount was insufficient.

On August 3, 2011, Kerber provided the Missis with proofs of loss totaling $47,843.29. The Missis signed those proofs of loss, though they wrote the annotation "(contesting proceeds)" on both forms next to their signatures. Those proofs of loss were submitted to FEMA on August 23, 2011. Despite that the proofs of loss were submitted past the 60-day deadline and had been altered by the annotations, on January 20, 2012 FEMA mailed a check for payment in full of the proofs of loss.

Meanwhile, in August 2011, the Missis were informed by the Louisville and Jefferson County Metropolitan Sewer District ("MSD") that the MSD had determined that the Missis' home was "substantially damaged." The letter from the MSD stated that the "substantially damaged" determination required the Missis to bring their home into compliance with a local ordinance or to remove the building. The local ordinance required the home to be elevated at least one foot above the base flood elevation, which would be approximately 21 feet above the existing ground elevation of the Missis' property.

On August 29, 2011, the Missis retained an attorney. Shortly thereafter, Robert Missi signed a document entitled "Supplemental Proof of Loss" in which he stated that he did not agree with the earlier proofs of loss he signed stemming from the April 21 flood, but instead believed that he would have losses totaling as much as $410,446.00 or more. In an affidavit submitted to this court, Robert Missi explains that he did not yet have an estimate of the cost to replace his home when he signed that document. It is unclear from the record to whom Robert Missi submitted that document or when he did so.

The Missis then hired a Public Adjuster, Richard Michelson, who in turn employed a contractor, Michael Mayor, to estimate the cost of replacing the Missis' home. Mayor estimated that the cost would be $222,992.47. According to Michelson, he provided Kerber with that estimate.

On February 27, 2012, the Missis submitted an Increased Cost of Compliance ("ICC") proof of loss seeking ICC compensation under Coverage D of the SFIP for $15,000.[2] On March 7, 2012, FEMA sent the Missis a check for the $15,000.

Additionally, after further discussion between the Missis' representatives and Kerber, Kerber sent the Missis a copy of a supplemental final report and proof of loss recommending payment of an additional $2,135.78 for damage to building contents. The Missis returned a signed copy of the supplemental final report, but not the proof of loss. Thereafter, Kerber noted an $825.00 error he made in the Missis' favor. Kerber sent corrected copies of the supplemental final report and proof of loss to the Missis, but the Missis did not respond. Thus, Kerber recommended in his status report to FEMA that the Missis receive $1,310.78. On March 19, 2012, FEMA granted a waiver of the 60-day proof of loss requirement and agreed to pay the Missis $1,310.78 based on Kerber's report.

We begin with the breach of insurance policy claim. The Sixth Circuit has held, in conformity with other federal courts that have addressed the issue, that the proof of loss requirement must be strictly enforced. *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 521 (6th Cir. 2008); *Neuser v. Hocker*, 246 F.3d 508, 511-512 (6th Cir. 2001). Here, the Missis have not shown that they made any timely proof of loss for which payment was denied. The proof of loss the Missis submitted

---

[2] The ICC coverage provides coverage for the cost of complying with a state or local floodplain law or ordinance requiring repair or reconstruction of a building after flood damage. The Missis' policy had a limit of $30,000 for ICC coverage. The United States notes in its summary judgment papers that an ICC claim and proof of loss are not required until after the insured receives a notice of substantial damage from the local community. The proof of loss deadline for ICC coverage claims is apparently counted from the date of the substantial damage determination.

from the March 11, 2011 flood was paid in full. As for the April 21, 2011, the Missis did not make any timely proof of loss at all.[3] Because there were no timely-submitted proofs of loss for either the March 11 or April 21 floods for which the Missis did not receive full compensation, then the breach of insurance policy claim must fail.

Instead, the Missis offer an excuse for their failure to timely submit a proof of loss – namely, that Kerber's conduct led them to believe that the 60-day proof of loss deadline would not be strictly enforced. The Missis contend that the government should be estopped from arguing the 60-day proof of loss requirement because of Kerber's conduct. However, equitable estoppel arguments by insureds seeking awards of public funds pursuant to SFIPs have been uniformly rejected by federal courts. *See Bruinsma v. State Farm Fire & Cas. Co.*, 410 F. Supp. 2d 628, 634-635 (W.D.Mich. 2006) (rejecting claim of estoppel by an insured seeking an award of public funds pursuant to an SFIP based on the Supreme Court's decision in *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990), and collecting cases from other jurisdictions that reach the same conclusion).

We turn to the two other claims, for violation of the Kentucky Unfair Claims Settlement Practices Act and common-law bad faith. As the Missis concede, Sixth Circuit authority establishes that those state law claims have been preempted by federal law. *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 949-950 (6th Cir. 2002). Thus, those two claims will be dismissed.

Finally, the Missis' motion to amend the complaint will be denied as moot. In the motion to amend, the Missis state that the only amendments they seek to make are to add Janet Napolitano,

---

[3] The Missis contend that the "Supplemental Proof of Loss" that Robert Missi signed after the Missis retained an attorney in August 2011 and the estimate of the cost to replace their home that Michelson provided to Kerber constitute an outstanding unpaid proof of loss. The court need not reach the issue of whether those two items, separate or together, qualified as proofs of loss under the SFIP because it is clear that they were not timely submitted and that the Federal Insurance Administrator has not waived the 60-day proof of loss requirement for those items.

Secretary of the Department of Homeland Security; Craig Fugate, Administrator of FEMA; and State Farm as defendants. The Missis seek to add the former two defendants in response to the United States' assertion that the National Flood Insurance Program Direct Servicing Agent is not the proper government party defendant, while the Missis request to add the latter defendant in order "to preserve any right to proceed against State Farm." However, because the court has determined that the Missis cannot prevail against State Farm or the government on the merits, the motion to amend is moot.

      A separate order will issue in accordance with this opinion.

June 12, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**